**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAMON JUSINO,**

      **Plaintiff,**

**-vs-**                 **Case No. 6:06-cv-1713-Orl-19DAB**

**QUALITY FLORIDA GROUP CORP.,**
**NORMAN A. QUINTERO, SR.,**

      **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **NOTICE OF SETTLEMENT AND REQUEST FOR ENTRY OF CONSENT JUDGMENT (Doc. No. 43)**
>
> **FILED:** May 20, 2008
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff's Complaint, Answer to Court Interrogatories, and brief in support of the Proposed Consent Judgment, Plaintiff was employed by Defendant from October 17, 2005 to January 27, 2006. Doc. Nos. 1, 12-2. The settlement to Plaintiff of $1,400 in unpaid wages and $1,400 in liquidated damages represents slightly more than the full disputed amounts Plaintiff sought. Doc. No. 12-2.

The parties have agreed that Defendant will pay Plaintiff's attorneys $14,200 in attorney's fees and costs. Doc. No. 12. Because the Plaintiff has received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs. Accordingly, it is respectfully **RECOMMENDED** that the Motion for Entry of Consent Judgment (Doc. No. 43) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 16, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy